In re DYNACO CORPORATION
et al., Debtors.

CREDITORS' COMMITTEE, Plaintiff,

v.

Robert HOWE, et al., Defendants.

Bankruptcy No. 93–2141–JEY.
Adv. No. 94–1067–JEY.

United States Bankruptcy Court,
D. New Hampshire.

July 13, 1995.

Joseph S.U. Bodoff, Hinkley, Allen & Snyder, Boston, MA, Steven M. Notinger, Wiggin & Nourie, Manchester, NH, for plaintiff.

Daniel W. Sklar, Peabody & Brown, Manchester, NH, for defendants.

Geraldine B. Karonis, Asst. U.S. Trustee, Manchester, NH.

## ORDER ON SECOND SERIES OF CROSS MOTIONS FOR SUMMARY JUDGMENT

JAMES E. YACOS, Chief Judge.

This adversary proceeding is again before the Court on cross motions for summary judgment. A prior Order entered on February 16, 1995 (Adv. Court Doc. no. 18.) disposed of prior cross motions for summary judgment on the attempt by the plaintiff to void the defendants' attachment lien on the debtors' personal property for failure to comply with the statutory requirements outlined in New Hampshire Revised Statutes Annotated § 511:26. The Order of February 16, 1995 denied the plaintiff's motion for summary judgment and granted the defendant's motion for summary judgment "to the extent that the Court hereby finds that, for reasons dictated into the record, the defendants hold a properly perfected nonconsensual security interest in the debtor's personal property and the proceeds of the sale of the debtor's personal property 'which, by reason of their size, situation, fluidity, explosive or inflammable qualities ... are incapable of being conveniently taken into actual possession' by virtue of the attachment recorded March 9, 1993. N.H.Rev.St.Ann. § 511:23."

The Court therefore has previously determined that the defendants have a valid, perfected lien in certain of the debtors' personal property. The plaintiff nevertheless contended that this did not dispose of the entire dispute between the parties since in the plaintiff's view the defendants had to establish by proof that their lien reached specific portions of the cash funds received from the sale of the assets of the two debtor corporations previously approved by this Court by Order entered January 31, 1994 (Court Doc. No. 185) which assets were sold on a consolidated basis following an Order entered by this Court the same date, January 31, 1994 (Court Doc. No. 184), substantively consolidating the estates of the two debtor corporations.

Following the entry of the summary judgment Order of February 16, 1995 the Court set down a hearing to consider entry of final judgment. The plaintiff filed a motion for clarification stating that the rulings in the referenced order were not sufficient to support entry of a complete final judgment and requesting that a final judgment not be entered. The Court in a Procedural Order entered March 24, 1995 (Adv.Court Doc. No. 25) required the filing of further motions for summary judgment which resulted in the cross motions for summary judgment that were heard in oral argument on June 5, 1995.

The dispute between the plaintiff and the defendants revolves around a claim to the monies resulting from the sale of the personal property assets of the two debtor corporations. The plaintiff contends that certain plan provisions in the confirmed plan of reorganization require the defendants to undertake the burden of proving that their lien reaches sufficient portion of the cash proceeds resulting from the sale of the assets of the consolidated entity to cover their claim of $362,000 absent which they are not entitled to any distribution under the plan notwithstanding their holding of a valid perfected lien.

The Debtors' Amended Consolidated Plan of Reorganization filed March 23, 1994 (Court Doc. No. 221) confirmed by Order dated April 18, 1994 (Court Doc. No. 278) deals with the defendants' claims under Article V, § 5, entitled "Treatment of Secured Claims" and provides in subsection 5.1 the following:

> 5.1 *Class One.* Class One Claims are unimpaired. On the Effective Date of the Plan, the holders of the Class One Claims shall be paid in full the allowed amounts of their Claims to the extent that the liens of the holders of such Claims attached to the Creditors Fund, either from the Creditors Fund or if such obligation has been assumed by the Palomar Affiliate, then by the Palomar Affiliate.

The "creditors fund" in this provision of the plan refers to a fund of money that resulted from the Palomar Sale Order dated January 31, 1994 (Court Doc. No. 185) and certain

additional possible recoveries. See Sections 1.11 and 10.1 of the Plan of Reorganization.

The defendants contend that they are entitled to be paid in full from the cash fund on hand, which exceeds the amount of their claim, without any burden of tracing particular personal property assets to particular sale proceeds in view of the "paid in full" language of their plan treatment provision. This is taken in conjunction with the fact that substantive consolidation of the two estates was actively supported by the unsecured creditors during the progress of the case prior to the plan filing, which resulted in an order approving same after an extensive hearing, in which the Court considered the difficulties and expense associated with trying to separate out the accounts receivable and other personal property assets of the two debtor corporations.

The defendants note that the plan treats their claim solely under Class One dealing with secured claims and nowhere provides explicitly for the treatment of any deficiency claim under the unsecured creditor class or otherwise. The defendants also argue that during the negotiations leading up to the confirmation of the plan of reorganization, and to their withdrawal of their pending objection thereto, the negotiations and discussions were only in terms of whether they had a perfected lien under RSA 511:23, and not in terms of any proof burdens with regard to tracing their lien claims through their "omelette-like" scrambled soft collateral that led to the substantive consolidation of these estates. They note that the disclosure statement (Court Doc. no. 22) approved by the Court prior to the voting and confirmation hearing on the plan does not indicate that the defendants still might be treated as unsecured claimants even though they prevailed on the attachment issue.

The plaintiff responds that § 506(a) of the Bankruptcy Code provides for bifurcation of secured claims into secured portions and unsecured portions, if the secured claimant is in fact undersecured in terms of collateral value, and that that statutory provision should be considered to be implicitly included in the plan provisions. The plaintiff emphasizes the language "to the extent ... the

liens ... attached" in the plan provision which follows the "paid in full" language. The plaintiff also argues that it is well-established that substantive consolidation does not improve the position of secured creditors, citing *In the Matter of Continental Vending Machine Corp.*, 517 F.2d 997 (2d Cir.19875), *cert. denied*, 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976).[1]

The Court after reviewing the briefing and the record in this case has concluded that both of the present motions for summary judgment must be denied and that this matter should proceed to trial. A separate order shall be entered providing for a final pretrial conference at which time the court will set the trial date.

The Court has searched the four corners of the plan of reorganization and the confirming order and has found no sufficient guide for judgment to explain away the latent ambiguity of the pertinent plan language as applied to secured creditors holding liens on soft collateral, i.e., accounts receivable etc., that were merged into a consolidated estate and sale of assets by the debtor with active support of the unsecured creditors. Nor can the Court determine whether or not there ever was a "meeting of the minds" of the debtor, the unsecured creditors, and the defendants as to their understanding of the Class One treatment under the plan as proposed for confirmation.

This is not a case such as *In re DiBerto*, 171 B.R. 461 (Bankr.D.N.H.1994) in which the plan provisions were explicit and specific to the point that no further construction or interpretation was necessary to determine their binding effect. The Court held in *DiBerto* that a confirmed plan is essentially a contract that creates enforceable contractual obligations. In the present case, however, on this record, it is simply impossible to know what the parties intended by the language in question without a further factual development as to their negotiations and understandings which led to the adoption of a consensual plan and the withdrawal of the objection to substantive consolidation by these claimants.[2]

If the Court were to rule that the defendants had the obligation of requiring an explicit negation of any § 506 bifurcation of their claim as an express plan provision, the countervailing consideration is that the plaintiff did not expressly provide for the treatment of any unsecured deficiency amount of the defendants' claims to be treated under the plan provisions for distribution on general unsecured claims. If the plan had so expressly provided for treatment of any unsecured portion of the claim, it would have alerted the defendants to that intention and arguably would have led to either further bargaining or a dispute at that point as to confirmation of the plan.

The foregoing is sufficient to establish that this case is not appropriate for summary judgment treatment inasmuch as there are genuine questions of material fact present which would preclude judgment for each of the movants as a matter of law.[3] Accordingly, it is hereby

ORDERED that both pending motions for summary judgment are hereby denied.

DONE and ORDERED.

---

1. There is no question that this is the rule with regard to secured creditors holding liens upon specific, identifiable *tangible* assets. However, none of the cases so holding have involved "cycling soft collateral" in which the asserted comingling was one of the factors supporting substantive consolidation.

2. Howe Realty Development, et al., the defendants in this adversary proceeding filed an Objection to Debtor's Joint Motion for Substantive Consolidation on August 20, 1995 (Court Doc. No. 43). Their objection was withdrawn in open Court at the hearing on January 24, 1994. The defendants did not file an objection to the plan of reorganization in this chapter 11 proceeding.

3. The Court also notes that the question of the effect of substantive consolidation on a secured creditor *holding a lien on soft collateral* is unprecedented in the case law and accordingly *deserves a more complete factual record* to better inform the Court as to how the existing case law should be applied in that novel factual context.